BARTHOLEW, (KINSING'S ASSIGNEE v.) See Case No. 7,831.

BARTHOLOMAE, (GOTTFRIED v.) See Case No. 5,632.

---

## Case No. 1,070.

### BARTHOLOMEW v. SAWYER et al.

[4 Blatchf. 347;[1] 1 Fish. Pat. Cas. 516; 41 Hunt, Mer. Mag. 575; 16 Leg. Int. 316.]

Circuit Court, S. D. New York. Sept. 16, 1859.

PATENTS FOR INVENTIONS—PRIORITY—FOREIGN INVENTIONS—PUBLISHED DESCRIPTION — ACT JULY 4, 1836.

1. As, on the trial, there was no proof that the patentee, at the time of his application, did not believe himself to be the first inventor or discover of the thing patented; and as, at the time of the application, he made oath that he did believe that he was such first inventor and discover, it must be *held*, that, at the time of such application, it satisfactorily appeared that he believed himself to be the first inventor and discoverer of the thing patented.

2. No description, in any printed publication, of the thing patented can avoid the patent, unless such description in such printed publication, was prior in point of time to the invention of the plaintiff.

3. It appears, clearly, by the latter part of section 15 of the act of [July 4,] 1836, [5 Stat. 117,] that by the terms "not known or used by others before his or their discovery thereof," in section 6 of the same act, was not meant to be included a use in a foreign country, but that such use by itself would not avoid the patent.

4. In section 7 of the act of 1836, the terms "prior to the application" for a patent, refer only to the public use or sale of the invention with the applicant's consent or allowance. They do not refer to anything else.

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and by Samuel S. Fisher, Esq., and here compiled and reprinted by permission. Syllabus is from 1 Fish. Pat. Cas. 516, and the statement and opinion from 4 Blatchf. 347.]

5. And the terms "prior to the alleged invention of the applicant" refer to an invention or discovery of some one, other than the applicant, in this country, and also to a patent, or description in some printed publication in this or some foreign country.

[Cited in brief in Bain v. Morse, Case No. 754.]

6. The publication to void the patent must be anterior to the discovery of the patentee. It is not sufficient that it should be anterior to the application to the commissioner for a patent.

[7. Cited in White v. Allen, Case No. 17,-535, to the point that he who invents first, although his invention is imperfect and incomplete, has the prior right if he is using the reasonable diligence prescribed by section 15, 5 Stat. 117, in perfecting and adapting the same.]

[At law. Action by Frederick Bartholomew against Nathaniel Sawyer and William S. Carr, for infringement of letters patent No. 11,113, granted June 20, 1854. Verdict was rendered for plaintiff. Heard on defendant's motion for a new trial. Denied.]

This was an action at law for the infringement of letters patent granted to the plaintiff, June 20th, 1854, for a cock used in water-closets. At the trial it appeared that the invention was made by the plaintiff as early as June, 1850, and that his application for the patent was made in February, 1853. Prior to the plaintiff's discovery of it, the thing patented was not known in the United States. It was claimed, by the defendants, that it was known and in public use in England and Scotland, before such discovery of it by the plaintiff. It was not claimed, however, and no evidence was offered to prove, that the plaintiff, at the time of his application to the patent office, knew of such use, or believed at that time that he was not the first discoverer and inventor. It was not made to appear that the same, or any substantial part thereof, had, at any time before his application for a patent, been patented in any country. No evidence was offered by the defendants to prove that the same, or any substantial part thereof, had, before the plaintiff's discovery in June, 1850, been described in any printed publication, although it was claimed by them, and evidence was offered to prove, that subsequent to the discovery of the plaintiff, and before his application for a patent, an engraving of the patented device, and a printed description of the same, without date, accompanying such engraving, was publicly exhibited at the Crystal Palace Exhibition, in London, in the year 1851, and was soon thereafter, and in the same year, brought to this country. The patented device was known and in use in this country, to a limited extent, as early as the year 1852, having been imported from England. During the trial, it was ruled by the court, that the patent of the plaintiff could not be avoided by the mere fact that the invention patented had been known and used in a foreign country before the discovery of the plaintiff. The court also ruled, that no descrip-

tion, in any printed publication, of the thing patented, could avoid the patent, unless such description in such printed publication was prior in point of time to the invention of the plaintiff, and so charged the jury. A verdict was rendered for the plaintiff, for $3,000. The defendants now moved for a new trial, on the ground that the court erred in so ruling and charging the jury; and that the court should have ruled and charged the jury, that, if the thing patented had been described in a printed publication, before the application of the plaintiff for a patent, that would avoid the patent, though it might have been after the invention of the plaintiff.

Charles M. Keller, for plaintiff.
William Tracy, for defendants.

Before NELSON, Circuit Justice, and INGERSOLL, District Judge.

INGERSOLL, District Judge. As, on the trial, there was no proof that the patentee did not, at the time of his application for a patent, believe himself to be the first inventor or discoverer of the thing patented, and as, at the time of his application, he made oath that he did believe that he was such first inventor and discoverer, it must be held, that it satisfactorily appears that, at the time of such application, he believed himself to be the original and first inventor and discoverer of the thing patented.

The 6th section of the patent act of July 4th, 1836, (5 Stat. 119,) provides, "that any person or persons having discovered or invented any new and useful art, machine, manufacture, or composition of matter, or any new and useful improvement on any art, machine, manufacture, or composition of matter, not known or used by others before his or their discovery or invention thereof, and not, at the time of his application for a patent, in public use or sale, with his consent or allowance, as the inventor or discoverer," may, on application to the commissioner of patents, obtain a patent for the thing invented or discovered. If the thing discovered or invented by the applicant was known or used before his discovery or invention, within the meaning of these terms, as used by the patent law, then no legal patent can be granted, and, if granted, the same cannot avail the patentee. It appears clearly, by the latter part of the 15th section of the same act, that a use in a foreign country was not meant to be included within the terms, above recited, "not known or used by others before his or their discovery or invention thereof," and that such use will not, by itself, avoid the patent. For, it is expressly provided, by the 15th section, "that whenever it shall satisfactorily appear, that the patentee, at the time of making his application for the patent, believed himself to be the first inventor or discoverer of the thing patented, the same shall not be held to be void on account of the invention or dis-

covery, or any part thereof, having been before known or used in any foreign country." In the present case, it appeared, on the trial, that the patentee did, at the time of making his application for a patent, believe himself to be the first inventor or discoverer of the thing patented. The patent of the plaintiff, therefore, could not be avoided by the mere fact that the invention or discovery patented had been known or in use in a foreign country before the discovery of the plaintiff. It also appears, by the 7th section of the same act, that the use meant by these terms was intended to be confined to a use, discovery or invention in this country, made prior to the discovery or invention of the applicant, the proof of which prior use must be so limited, provided the patentee, at the time of his application, believed himself to be the first inventor or discoverer. The 7th section makes it the duty of the commissioner upon the application of anyone for a patent, to make an examination of the alleged new discovery or invention, and then provides, that "if, on any such examination, it shall not appear to the commissioner that the same had been invented or discovered by any other person in this country prior to the alleged invention or discovery thereof by the applicant, or that it had been patented or described in any printed publication in this or any foreign country, or had been in public use or sale, with the applicant's consent or allowance, prior to the application, if the commissioner shall deem it to be sufficiently useful and important, it shall be his duty to issue a patent therefor." The terms, in this section, "prior to the application" for a patent, refer only to the "public use or sale" (of the invention) "with the applicant's consent or allowance." They do not refer to anything else. And the terms, "prior to the alleged invention or discovery thereof by the applicant," refer to an invention or discovery by some one other than the applicant, in this country; and also to a patent or description in some printed publication in this or some foreign country. The true meaning of this section, taken by itself, is, that a patent shall issue to the applicant and be valid, if he is the originator and author of a useful invention or discovery, unless the thing invented by him had, prior to the alleged invention or discovery by the applicant, been invented or discovered or used by some one else in this country; or, unless the invention of the applicant had been patented or described in some printed publication, in this or some foreign country, prior to the alleged invention or discovery by the applicant; or, unless said invention of the applicant had been in public use, or on sale, with the applicant's consent or allowance, prior to his application to the commissioner for a patent. This latter restriction

was modified by the act of March 3d, 1839, (5 Stat. 354,) so that the public sale or use, with the consent and allowance of the applicant, must, in order to forfeit his right, be more than two years before his application.

Other portions of the act of 1836 confirm the view thus taken of the subject. In the 15th section, it is provided that, upon the general issue, with notice, certain matters may be given in evidence, to avoid the patent. Among those matters are, that the thing patented had been described in some public work anterior to the supposed discovery thereof by the patentee, (not anterior to the application for a patent,) or that it had been in public use or on sale with the consent and allowance of the patentee, before his application for a patent. The publication, to avoid the patent, must be anterior to the discovery by the patentee. It is not sufficient that it should be anterior to the application to the commissioner for a patent.

It has been urged, that the proviso to the 15th section gives a different rule on this subject. That proviso is as follows: "That, whenever it shall satisfactorily appear, that the patentee, at the time of making his application for the patent believed himself to be the first inventor or discoverer of the thing patented, the same shall not be held to be void on account of the invention or discovery, or any part thereof, having been before known or used in any foreign country, it not appearing that the same, or any substantial part thereof, had before been patented, or described in any printed publication." It is claimed, that the time referred to by the terms, "having been before known or used in any foreign country," is the time when the application for the patent was made; and that the terms, "had before been patented, or described in any printed publication," refer, also, to the time when such application was made, and not to the time when the original invention or discovery was made. If there be any doubt as to the construction which this proviso should receive when considered by itself, the true construction of it is free from doubt, when it is considered in connection with other sections, and with the whole scope of the act. Viewed in such connection, it must be held, that the time referred to by the terms above recited, is the time when the original invention or discovery of the patentee was made, and not the time when he presented his application to the commissioner. Any other or different construction of this proviso would be in conflict with the whole scope of the act, and with the plain and clear enactments of certain parts of it, and would make several of its sections irreconcilable with each other.

With this view of the case, the motion for a new trial must be denied.